UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DELL F. SUMMERS, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 3:23-CV-00189-CHB |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| LOUISVILLE METRO GOVERNMENT, ) | |
| *et al.*, ) | |
| ) | |
|     Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Dell F. Summers, a pretrial detainee, filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action against Louisville Metro Government ("LMG"), Louisville Metro Department of Corrections ("LMDC"), and WellPath. [R. 1, p. 1]. At the time Plaintiff filed this action, he was proceeding *pro se*. On April 2, 2023, counsel entered an appearance for Plaintiff. [R. 9]. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I. STANDARD OF REVIEW**

Because Plaintiff is an incarcerated individual suing governmental defendants, the Court must conduct an initial review under 28 U.S.C. § 1915A(b)(1) and (2) of the complaint. 28 U.S.C. § 1915A(a) ("The court shall review. . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil

actions brought by prisoners."), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. LMDC

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, LMG is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against LMDC as a claim brought against LMG. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

### B. LMG and WellPath

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 436 U.S. 658, 691 (1978). When a § 1983 claim is made against a municipality, such as Louisville Metro Government, or private corporation, such as WellPath,[1] the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link

---

[1] The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as WellPath. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well." (citing *Monell*, 436 U.S. at 691)); *Cook v. Daviess Cnty. Det. Ctr.*, No. 4:22-CV-P48-JHM, 2022 WL 13973775, at *2 (W.D. Ky. Oct. 21, 2022).

between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

### 1. Deliberate Indifference to Inmate Safety

Plaintiff alleges that LMG was deliberately indifferent to a serious risk of harm by failing to protect him from violence and sexual harassment at LMPD from other inmates and correctional officers. *See* [R. 1]. The Court construes the complaint as alleging claims against LMG for deliberate indifference to inmate safety or failure to protect. Because Plaintiff was a pretrial detainee at the time of the events in question, his claim is governed by the Fourteenth Amendment. *See Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 945 (6th Cir. 2022). Neither the Fourth Amendment nor Eighth Amendment applies to him, and claims brought under those Amendments will be dismissed for failure to state a claim upon which relief may be granted.

Jail officials are obligated to protect pretrial detainees from "violence at the hands of other prisoners." *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 726 (6th Cir. 2022) (quoting *Farmer v.*

*Brennan*, 511 U.S. 825, 833 (1994)).  To establish deliberate indifference for failure to protect under the Fourteenth Amendment, "'a defendant officer must [1] act intentionally in a manner that [2] puts the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, [4] and by failing to do so actually cause the plaintiff's injuries.'"  *Stein v. Gunkel*, 43 F.4th 633, 639 (6th Cir. 2022) (quoting *Westmoreland*, 29 F.4th at 729); s*ee also Averhart v. Collins*, No. 3:22-CV-P559-RGJ, 2023 WL 2386763, at *4 (W.D. Ky. Mar. 6, 2023).

Plaintiff alleges that he was robbed while an inmate at LMDC but that the corrections officers did nothing to prevent the robbery or rectify the issue.  *See* [R. 1-1 (Statement of Facts/Claims)]. Plaintiff asserts that because of the design of LMDC and the lackadaisical attitudes of LMDC staff, robberies, assaults, and intimidation tactics are the norm at LMDC. *Id.*  Plaintiff maintains that he felt "in imminent danger of injury to life, body, mind, and/or property" after the robbery and requested transfer to a different cell.  *Id.* at 1. Plaintiff further alleges that despite being transferred to a different cell, several inmates in his new cell threatened Plaintiff's life on October 30, 2021. *Id.*  Plaintiff contends that he requested to be removed from the cell immediately and he "needed to check out," but two correctional officers denied his request and threatened him. *Id.* at 2.  While being removed from that cell into protective custody by another correctional officer, the inmates threatened, "We're going to find you!" and "You're not safe anywhere!" *Id.*  Plaintiff further alleges that when LMDC tried to return Plaintiff to a "Max Cell" on multiple occasions and he refused for fear for his life, he was placed into solitary confinement—"the hole"—and was issued a disciplinary complaint against him. *Id.*

Plaintiff states that during his incarceration, he has been subjected to sexual harassment by a homosexual inmate and observed numerous violent fights which were not prevented, curtailed, or properly addressed by LMG, including one that resulted in the death of an inmate.  *Id.* at 3–4.

Plaintiff states that LMG regularly failed to abide by the "keep away" list of those inmates that cannot be placed in a cell together. *Id.* at 9. Plaintiff further claims that between May 2022 and December 2022, he "saw and heard" a corrections officer threaten inmates with spraying mace under the cell door. *Id.* at 3. Plaintiff also asserts that between May 2022 and September 2022, a female corrections officer engaged in sexual harassment and voyeurism of Plaintiff and other inmates in "the hole." *Id.* Finally, Plaintiff asserts that LMDC staff and leadership are aware of this unsafe conduct, but LMDC did not take reasonable measures to safeguard inmates such as Plaintiff. *Id.* at 2.

Based on these allegations, the Court finds that Plaintiff has stated a plausible Fourteenth Amendment claim of failure to protect against LMG and will allow this claim to proceed. In doing so, the Court passes no judgment on its merit or upon its ultimate outcome.

### 2. Fourteenth Amendment Deliberate Indifference to Serious Medical Needs

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. "An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Servs. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a serious medical need under the Fourteenth Amendment: (1) he "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)) (internal quotation marks omitted).

Plaintiff alleges that in May 2022 he was experiencing severe depression, anxiety, PTSD, and related medical conditions. [R. 1-1, p. 9]. Plaintiff states that he submitted health services request forms informing the medical staff of his severe depression and pleading for help and therapy. *Id.* at 6. Despite these conditions, Plaintiff represents that he merely received pamphlets from the nurse. *Id.* at 6, 9. Plaintiff maintains that he was never offered the chance to speak with a counselor, therapist, or mental health professional. *Id.* at 6. Plaintiff alleges that because he did not "receive any competent or caring mental health assistance," he attempted suicide on four occasions. *Id.* at 5–6.

Plaintiff also states that in the summer of 2022, a WellPath nurse visited inmates in "the hole"; however, the nurse would merely knock, ask if the inmate was okay, and then immediately move on before awaiting an answer from the inmate even if the inmate was screaming or crying. *Id.* at 5. Additionally, Plaintiff asserts that he often did not receive prescribed medications. Plaintiff further contends that he and other inmates are frequently not provided opportunities to obtain or turn in health services request forms, the requests are often denied or ignored, and Wellpath staff are more often than not hateful and rude. *Id.* at 9. Finally, Plaintiff states that he has witnessed numerous attempted suicides at LMPD causing extreme emotional distress to him and other inmates. *Id.* at 6.

Based on these allegations, the Court will allow Plaintiff's Fourteenth Amendment deliberate-indifference-to-serious-medical-need claims to proceed against LMG and WellPath. In doing so, the Court passes no judgment on their merits or upon their ultimate outcome. Neither the Fourth Amendment nor Eighth Amendment applies to him as a pretrial detainee, and therefore claims brought under those Amendments will be dismissed for failure to state a claim upon which relief may be granted as well.

### 3. Right to Speedy Trial and Assistance of Counsel

Plaintiff alleges that LMG violated his rights to a speedy trial and assistance of counsel in violation of the Sixth Amendment. [R 1-1, p. 7]. Plaintiff asserts that although he was booked into LMDC on October 3, 2020, his initial trial date was not set for almost two years. According to Plaintiff, the November 2022 trial date was later rescheduled for May 23, 2023—over two and a half years after his arrest. Plaintiff contends that LMG is intentionally slow to set trial dates for criminal defendants in an effort to coerce Plaintiff and others to accept a plea deal. *Id.* Plaintiff maintains that no pretrial detainee should be in jail for years before a trial. *Id.* Plaintiff further alleges that LMG also deprived Plaintiff of effective assistance of counsel by wrongfully prohibiting Plaintiff's public defender from in-person visits and from bringing a laptop to show Plaintiff his accuser's prior statements. *Id.*

Even if Plaintiff could establish that LMG, and not the courts, are responsible for setting a trial date, Plaintiff cannot assert a speedy trial claim in this § 1983 action. "A detainee's speedy trial claim is a challenge to the fact or duration of confinement." *McConahie v. City of Waverly, Tenn.*, No. 3:22-CV-00915, 2023 WL 163143, at *2 (M.D. Tenn. Jan. 11, 2023) ("The sole remedy for a violation of the speedy trial right [is] dismissal of the charges." (quoting *Betterman v. Montana*, 578 U.S. 437, 444 (2016))). As a result, Plaintiff's speedy trial claim "can be brought in federal court only through a habeas corpus petition, not a civil rights complaint." *McConahie*, 2023 WL 163143, at *2 ("Plaintiff's speedy trial challenge to his pending criminal charges can also only be maintained by filing a pre-trial habeas petition pursuant to 28 U.S.C. § 2241." (citing *Harrison v. Worthy*, No. 2:22-CV-12312, 2022 WL 16951644, at *2 (E.D. Mich. Nov. 15, 2022))); *Thomas v. Pugh*, 9 F. App'x 370, 371–72 (6th Cir. 2001); *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (noting that speedy trial claims are among the

few recognized claims that may be brought in a habeas petition filed by a pretrial detainee in federal court); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546–47 (6th Cir. 1981)); *see also Briggs v. Graham*, No. 4:21-CV-P75-JHM, 2021 WL 3357949, at *2 (W.D. Ky. Aug. 2, 2021). Moreover, "[b]efore gaining consideration of a claim brought in a Section 2241 habeas petition, . . . , a pretrial detainee 'must exhaust all available state court remedies.'" *McConahie*, 2023 WL 163143, at *2 (quoting *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 (6th Cir. 2012). Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

With regard to Plaintiff's allegations that LMG denied him access to his attorney by failing to provide him in-person visits during a lockdown and prohibiting a laptop to be brought in by his attorney, Plaintiff has failed to state a claim because he has not alleged that he did not have other, adequate, alternative means of communicating with his attorney, such as through telephone calls and letters. *See Jackson v. Coyn,* No. 3:17-CV-P61-DJH, 2017 WL 2389400, at *4 (W.D. Ky. June 1, 2017) (finding no constitutional violation based on telephone restrictions where the plaintiff did not allege that he was not allowed to contact his lawyer by other methods, such as letters and visits); *Stamper v. Campbell Cnty., Ky.*, No. 2007-49 (WOB), 2009 WL 2242410 (E.D. Ky. July 24, 2009) (same); *Saunders v. Dickerson*, No. 1:07CV1094 (LMB/BRP), 2008 WL 2543428, at *4, 10 (E.D. Va. June 25, 2008) (pretrial detainee's claim failed "because there is no suggestion from the complaint that plaintiff was unable to contact his attorney and family to prepare for his criminal case by means other than the telephone" and detainee did not show that alleged denial of access resulted in unfair prejudice); *see also Uraz v. Ingham Cnty. Jail*, No. 1:19-CV-550, 2019 WL 4292394, at *9–10 (W.D. Mich. Sept. 11, 2019) ("Plaintiff utterly fails to allege

facts demonstrating that he had no other means of communicating with his attorney . . . ."). Therefore, Plaintiff's Sixth Amendment claim must be dismissed for failure to state a claim.

### 4. Denial of Access to the Courts

Plaintiff alleges that LMG violated his rights by depriving Plaintiff access to legal material. [R. 1-1, p. 7]. Specifically, Plaintiff asserts that between January 1, 2022, and the present, he requested his criminal file, body camera footage, interviews, statutes, Rules of Evidence and Criminal Procedure, the United States and Kentucky Constitution, and case law relevant to his charges. Plaintiff argues that this legal material has proved difficult to obtain because there is only one kiosk where Plaintiff can perform searches for legal materials on his floor, he is only allowed thirty minutes per week on the kiosk, and the kiosk is often broken. *Id.* at 8. Additionally, Plaintiff states that when he has requested specific judicial opinions, staff gave him only a summary of each requested case. [*Id.*]. The Court construes Plaintiff's allegations as alleging denial of access to the courts under the First Amendment, instead of the Fourth, Eighth, and Fourteenth Amendment as asserted by Plaintiff.

Prisoners have a constitutional right of meaningful access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access to the courts under the First Amendment will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830–31; *John L. v. Adams*, 969 F.2d 228, 233–34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, Plaintiff must plead actual injury, and no actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*,

92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff alleges no actual injury to his criminal defense due to the alleged lack of access to his legal materials by LMG. In addition, "[w]here a defendant is represented by counsel in his criminal case, his constitutional right of access to the courts in that proceeding is satisfied as a matter of law." *Jackson v. Stark*, No. 3:19-CV-0005-GFVT, 2019 WL 2178615, at *2 (E.D. Ky. May 17, 2019); *see also Weddle v. Dunbar*, No. 1:15-CV-00009-GNS, 2016 WL 1337296, at *3 (W.D. Ky. Apr. 5, 2016); *Lawson v. Dotson*, No. 3:11CV-P384-H, 2014 WL 186868, at *4 (W.D. Ky. Jan. 15, 2014); *Cooper v. Shelby Cnty. Justice Ctr.*, No. 99-6365, 2000 WL 924604, at *2 (6th Cir. June 26, 2000) ("[S]ince counsel was appointed to represent Cooper in the pending criminal proceedings, his access to the court has been protected."). Here, Plaintiff acknowledges that he has legal counsel to represent him in his criminal case. *See also* [R. 9 (Notice of Appearance)]. Therefore, Plaintiff's access-to-the-courts claim must be dismissed for failure to state a claim.

### 5. Conditions of Confinement

Plaintiff alleges that LMG failed to establish a safe, sanitary, and healthy environment in the detention center in violation of the Fourth, Eighth, and Fourteenth Amendments. [R. 1-1, pp. 2–3, 9–11]. Plaintiff further alleges that LMG ignores all serious conditions-of-confinement issues and that it is understaffed by eighty correctional officers. *Id.* at 10. The Court construes Plaintiff's allegations that he was placed in an overcrowded and unsanitary cell, denied properly laundered bedding and clothing, denied recreation, endured unsanitary and unsafe food, denied a hygiene kit and a thermal shirt to keep warm, subjected to feces-filled toilet that would not flush,

denied toilet paper, slept on hard plastic shells called "boats" on the floor, and placed in poorly designed cells with "emergency buttons" that often do not work or are not answered as asserting claims for violation of the Fourteenth Amendment, which applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner*, 14 F.4th at 591.

It is well established that prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (internal quotation marks and citations omitted). A Fourteenth Amendment conditions-of-confinement claim has two prongs. To satisfy the first objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. To satisfy the second prong under the Fourteenth Amendment, a plaintiff must show that defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836).

Upon consideration of the multiple allegations and the length of the alleged conditions, the Court will allow Plaintiff's Fourteenth Amendment conditions-of-confinement claim to proceed against LMG. In doing so, the Court passes no judgment on its merit or upon its ultimate outcome. Further, as stated above, because Plaintiff was a pretrial detainee at the time of the alleged events, the Fourteenth Amendment, rather than the Fourth or Eighth Amendment, applies to his claim, and Plaintiff's Fourth and Eighth Amendments claims will be dismissed for failure to state a claim upon which relief may be granted.

### 6. HIPAA

Plaintiff alleges that LMG and Wellpath violated HIPPA by (a) conducting "pill call" rounds where they discuss with Plaintiff his medications and other information within ear shot of other corrections officers and inmates, (b) a Wellpath nurse discussing Plaintiff's health services request for sexually-transmitted-disease testing during a "pill call" round in December 2022 or January 2023, and (c) a WellPath nurse failing to shut the office door when Plaintiff went in for treatment in December 2022. [R. 1-1, p. 14].

"HIPPA governs the confidentially of medical records and regulates how certain entities can disclose protected information." *Parker v. Warren Cnty. Reg'l Jail*, No. 1:21-CV-P41-GNS, 2021 WL 2188749, at *2 (W.D. Ky. May 28, 2021). However, private citizens have no standing to sue a covered entity for a violation of HIPAA. *Thomas v. Dep't of Health & Human Servs., Office for Civil Rights*, No. 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018) ("HIPAA itself does not create a private right of action."); *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam) (holding that HIPAA cannot be enforced through either an implied private right of action or through § 1983). Plaintiff, therefore, fails to state a claim upon which relief may be granted under HIPAA, and that claim also will be dismissed.

### 7. State Constitutional Claims

Plaintiff alleges that LMG and WellPath violated Sections 1:1, 1:3, 2, 4, 10, 11, 14, and 17 of the Kentucky Constitution. [R. 1-1, pp. 11–12]. Kentucky law, however, is clear that the Commonwealth's Constitution provides no direct private right of action for damages based on violations of state constitutional law. *See Shepherd v. Univ. of Ky.*, No. 5:16-005-KKC, 2016 WL 4059559, at *3 (E.D. Ky. July 28, 2016) ("Kentucky does not recognize a private right of action for alleged violations of the state constitution."); *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529,

537 (Ky. 2011) (declining to recognize a new cause of action for money damages based on state constitutional violations). Nor may § 1983 be used as a statutory vehicle to vindicate state constitutional claims. *See Tallman v. Elizabeth Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004). Accordingly, Plaintiff's claims under the Kentucky Constitution fail as a matter of law, and the Court will dismiss these claims for failure to state a claim.

### 8. Breach of Contract, Implied Covenant of Good Faith and Fair Dealing, and Promissory Estoppel

Plaintiff alleges that LMG breached the contractual promises it made to him in the LMDC Inmate Handbook and the LMDC "Inmate Legal Materials" Policy. [R. 1-1, pp. 12–13]. In Kentucky, a breach-of-contract claim requires proof of the following: (1) "the existence of a contract," (2) "breach of that contract," and (3) "that the breach caused damages." *Wood v. State Farm Fire & Cas. Co.*, No. 2019-CA-000462-MR, 2020 WL 1898401, at *3 (Ky. App. Apr. 17, 2020) (cleaned up). Any contractual claims based on the LMDC Inmate Handbook or the LMDC Inmate Legal Materials Policy, or derivative claims, fail to state a claim upon which relief can be granted. An inmate handbook or policy is not a binding contract between a detention center and an inmate. *See, e.g.*, *McIntosh v. Wetzel*, No. CV 20-1957, 2022 WL 3293490, at *7 (W.D. Pa. Aug. 11, 2022); *Talbert v. Corr. Dental Assocs.*, No. CV 18-5112, 2020 WL 890212, at *5 (E.D. Pa. Feb. 21, 2020). "This is particularly true in the prison context where an inmate cannot accept an offer from the [detention center] or reach a 'meeting of the minds' upon the terms of the handbook." *Talbert*, 2020 WL 890212, at *5 (cleaned up). For these reasons, the Court will dismiss these claims.

### 9. Negligence *Per Se* and Intentional Infliction of Emotional Distress

Plaintiff alleges that LMDC is accredited by the American Corrections Association ("ACA") and is subject to the standards of the ACA. Plaintiff asserts that LMG violated numerous

ACA standards. [R. 1-1, p. 12]. These violations essentially constitute a state-law negligence *per se* claim. Plaintiff also asserts a state law claim for intentional infliction of emotional distress alleging that LMG's acts and omissions complained of throughout his complaint were knowing and intentional, being designed to inflict physical, mental, emotional, and psychological anguish on Plaintiff. [*Id.* at 13–14].

While the Court evaluates sovereign immunity from federal claims under the Eleventh Amendment, the Court analyzes Kentucky law to determine sovereign immunity from state-law claims. *Ruplinger v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:19-CV-583-DJH-RSE, 2021 WL 682075, at *4 (W.D. Ky. Feb. 22, 2021) (citing *Thieneman v. Smith*, No. 3:17-CV-292-DJH, 2018 WL 1522357, at *4 (W.D. Ky. Mar. 28, 2018)). Under Kentucky law, it is well established that claims against counties are barred by sovereign immunity. *Franklin Cnty. v. Malone*, 957 S.W.2d 195, 203 (Ky. 1997), *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). LMG, however, is not a county; rather, it is a consolidated local government. Under KRS § 67C.101(2)(e), the Kentucky General Assembly has expressly granted to consolidated local governments "the same sovereign immunity granted counties, their agencies, officers, and employees." KRS § 67C.101(2)(e); *see also Transit Auth. of River City v. Bibelhauser*, 432 S.W.3d 171, 173 (Ky. App. 2013). Accordingly, these state-law claims asserted against LMG are barred by sovereign immunity. *Jewish Hosp. Healthcare Servs., Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 270 S.W.3d 904, 907 (Ky. App. 2008) ("Metro Government is entitled to sovereign immunity."); *see also Daugherty v. Louisville-Jefferson Cnty. Metro Gov't*, 495 F. Supp. 3d 513, 519–20 (W.D. Ky. 2020); *Albin v. Louisville Metro Gov't*, No. 3:19-CV-576-DJH, 2020 WL 1310495, at *3 (W.D. Ky. Mar. 19, 2020) (finding LMG entitled to sovereign immunity and dismissing state-law claims). As a result, the Court will dismiss

Plaintiff's state-law claims for negligence *per se* (violation of ACA standards) and intentional infliction of emotional distress against LMG.

### III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's claims against the Louisville Metro Department of Corrections are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Because no claims remain against it, the **Clerk of Court is directed to terminate Louisville Metro Department of Corrections as a party to this action**.

2. The Court will allow Plaintiff's Fourteenth Amendment claims for failure to protect (deliberate indifference to inmate safety), deliberate indifference to serious medical needs, and conditions of confinement to proceed against Louisville Metro Government.  The Court will also allow Plaintiff's Fourteenth Amendment claim for deliberate indifference to serious medical needs to proceed against WellPath.  All other federal and state claims against Louisville Metro Government and WellPath are dismissed consistent with the Memorandum Opinion and Order.

3. The Clerk of Court shall issue summonses for Defendants Louisville Metro Government and WellPath and provide them to Plaintiff's counsel for service.

4. Since counsel has now entered an appearance in this case, Plaintiff's counsel may file an amended complaint within **30 days** from the entry date of this Order.

5. Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to United States Magistrate Judge Colin H. Lindsay for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues.  Magistrate Judge Lindsay is further authorized to conduct a settlement conference in this matter at any time.  A separate order

-17-

scheduling the Rule 16 Conference will be issued by the Chambers of United States Magistrate Judge Lindsay.

This the 11th day of September, 2023.

*[signature]*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
     Magistrate Judge Lindsay
A958.014